IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AHMADSHEHZAD KAYWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-1633 (RDA/IDD) |
| ) | |
| ALDI LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Aldi Inc.'s Partial Motion to Dismiss (Dkt. 9).[1] This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Plaintiff Ahmadshehzad Kaywan's Complaint (Dkt. 1), Defendant's Memorandum in Support (Dkt. 10), Plaintiff's Opposition Brief (Dkt. 13), and Defendant's Reply Brief (Dkt. 14), this Court GRANTS the Motion for the reasons that follow.

---

[1] Defendant Aldi Inc. asserts that, although Plaintiff's Complaint identifies the defendants as Aldi LLC and Aldi Inc., Plaintiff was only employed by "Aldi Virginia LLC." Dkt. 10 n. 1. For this reason, Defendant Aldi Inc. has changed the case caption in its filings to reflect that Aldi Inc. is the only defendant in this case. *Id.* at 1. This is inappropriate. If Defendants believe that "Aldi LLC" is not properly included as a defendant in this case, then Defendants need to file a motion of some sort either to amend the case caption, if there is agreement between the parties, or to dismiss Defendant Aldi LLC from the case. Defendant cannot unilaterally remove another Defendant from the case, especially where it is clear that Plaintiff continues to assert his claims against both entities. *See* Dkt. 1 at 3 ¶ 13 (asserting that both corporate entities run Aldi's Divisional Headquarters serving Northern Virginia); Dkt. 13 at 1 (Plaintiff's case caption continues to refer to two Defendants).

1

## I. BACKGROUND

### A. Factual Background[2]

Plaintiff is a Muslim man of Middle Eastern (Afghan American) descent and national origin. Dkt. 1 ¶ 10. Plaintiff began working for Defendant in 2018 and most recently held the position of Senior Assistant Manager at a store in Broadlands, Virginia. *Id.* ¶ 15. Plaintiff reported to Store Manger Daniel Whitmer and District Manager Laszlo Hangyas. *Id.* ¶ 16. Plaintiff's work included merchandizing products to maximize sales, facilitating the training of new employees, conducting store inventory counts, overseeing the execution of curbside pickup, counting the registers and taking stock of cash on hand, and otherwise assisting the store manager in supervision and maximizing sales and controlling expenses of the store. *Id.* ¶ 17. Plaintiff alleges that he "performed his job satisfactorily and met his employer's legitimate business expectations." *Id.* ¶ 18.

Plaintiff requested and was granted a religious accommodation to refrain from working on Fridays in observance of his faith. *Id.* ¶ 20. Nonetheless, Hangyas repeatedly scheduled Plaintiff to work on Fridays. *Id.* Other non-Muslim, non-Afghan American, and female employees were granted Fridays off without issue and other non-Muslim, non-Afghan American employees were granted other days off to attend Christian religious services. *Id.* ¶ 21. Plaintiff asserts that Hangyas, who is Hispanic and a Christian, favored other Hispanic or Christian employees. *Id.* ¶ 22. In particular, Plaintiff alleges that Senior Assistant Manager Ruth Vaca, received preferential treatment and scheduling to accommodate her religious practices. *Id.* ¶ 22. Plaintiff noted that

---

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hangyas and Vaca would speak Spanish around him, knowing that he could not understand. *Id.* ¶ 23.

Plaintiff asserts that, on numerous occasions, he reminded Hangyas about his religious accommodation, but he continued to be scheduled on Fridays, causing distress and disruption of his religious practices. *Id.* ¶ 24. Whitmer, who is white, also pressured Plaintiff to forego his religious observances on Fridays to come to work. *Id.* ¶ 25. During the 2023 Ramadan period, Plaintiff requested to work only during the day so that he could observe fasting. *Id.* ¶ 26. His request was approved, but he was informed that such accommodations would not be provided in future years. *Id.* Whitmer routinely failed to timely respond to Plaintiff's requests for prayer breaks, and Plaintiff alleges that Whitmer berated and criticized him for his religious observances, including by yelling at Plaintiff in front of customers. *Id.* ¶¶ 28-29.

At some point, Plaintiff reported monetary discrepancies in the safe and registers. *Id.* ¶ 30. Plaintiff asserts that "these issues were intentionally or negligently mishandled and/or not addressed by his supervisors." *Id.* Plaintiff was very concerned about these discrepancies, because it was his responsibility to count the registers and take stock of inventory. *Id.* ¶ 31.

At some point, Plaintiff reported instances of theft by Vaca and, thereafter, disciplinary action was taken against Vaca. *Id.* ¶ 33. Some time later, it became known that Plaintiff "was the whistleblower," and he was "subjected to further retaliation and was eventually terminated on or about September 25, 2023 without explanation." *Id.* ¶ 34.

Plaintiff filed his Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission (the "EEOC") on June 13, 2024. *Id.* ¶ 7. The EEOC issued the Determination and Notice of Rights letter on June 17, 2024. *Id.* ¶ 8.

B. Procedural Background

On September 16, 2024, Plaintiff filed his Complaint. Dkt. 1. In his Complaint, Plaintiff asserts three counts: (i) unlawful discrimination on the basis of national origin and religion under Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) unlawful retaliation under Title VII; and (iii) wrongful termination under Virginia public policy. Defendant Aldi Inc. filed its Partial Motion to Dismiss on January 21, 2025. Dkt. 9. Defendant seeks to dismiss: (i) Count I to the extent it is premised on national origin discrimination; (ii) Count II in its entirety; and (iii) Count III in its entirety. On February 4, 2025, Plaintiff filed his Opposition. Dkt. 13. Finally, on February 10, 2025, Defendant filed its Reply. Dkt. 14.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III. ANALYSIS

Here, Defendant seeks to dismiss Plaintiff's claims of national origin discrimination, retaliation, and wrongful discharge. Dkt. 10. Appropriately, Defendant has not sought to dismiss Plaintiff's claim of religious discrimination. The Court will address each claim in turn.

#### A. National Origin Discrimination

In its Motion, ALDI first argues that Plaintiff does not plausibly allege national origin discrimination under Title VII because the gravamen of Count I is religious discrimination. Dkt. 10 at 4-5. Plaintiff responds that "he was discriminated against because his national origin was so because of his national origin and religion." Dkt. 13 at 4. Plaintiff's allegations in this regard are insufficient, and the Motion to Dismiss will be granted with respect to the national origin claim.

Although Plaintiff need not plead a *prima facie* case of national origin discrimination, Plaintiff must plead facts which support an inference of national origin discrimination so as to plausibly state a claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002) (noting that the "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"); *Iqbal*, 556 U.S. at 680 (holding that plaintiffs are required to plead facts that "nudge" their claims "across the line from conceivable to plausible"). As judges in this District have previously acknowledged, "[r]ace, national origin, and religion are 'ideologically distinct.'" *Sarraj v. N. Virginia Elec., Coop.*, 2022 WL 2820553, at *6 (E.D. Va. July 18, 2022). Thus, even following *Swierkiewicz*, Plaintiff must still plead adequate facts to create a plausible inference that

5

he suffered from national origin discrimination. *Abreu v. N. Am. P'ners in Anesthesia, LLP*, 2023 WL 5959430, at *11 (E.D. Va. Sept. 12, 2023).

Here, the non-conclusory allegations asserted by Plaintiff relate almost solely to religion. *See* Dkt. 1 ¶ 20 (alleging Plaintiff was scheduled to work on Fridays despite his *"religious* accommodation to refrain from working on Fridays *in observance of his faith*" (emphasis added)); *see also id.* ¶ 24 (alleging disruption to Plaintiff's "religious practices"); *id.* ¶ 25 (alleging Store Manager "pressured" Plaintiff "to forego his religious observance"); *id.* ¶ 26 (alleging ALDI informed Plaintiff he would not receive an accommodation "to observe fasting" during Ramadan in future years); *id.* ¶¶ 27-28 (alleging delays to Plaintiff's "requests for prayer breaks" and that Plaintiff was "berated and criticized . . . for his religious observances," and was "pick[ed] on . . . for praying"); *id.* ¶ 21 (alleging "a non-Muslim, non-Afghan American female [Lead Associate] was granted *Fridays* off without any issues," and "a Hispanic Christian [Senior Assistant Manager] was given Saturdays and Sundays off *to attend church* with no problems" (emphasis added)). Thus, the majority of Plaintiff's allegations relate to religion *not* national origin. *Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 949 F. Supp. 13, 19 (D.D.C. 1996) (recognizing that the "legislative history of [Title VII] enunciates precisely that a person's national origin has nothing to do with color, religion, or race").

The only other specific facts alleged by Plaintiff are that the District Manager and another Senior Assistant Manager spoke Spanish whenever Plaintiff was around. *Id.* ¶ 23. But those allegations relate to *language* and not national origin. *See, e.g.*, *Kurtanidze v. Mizuho Bank*, 2024 WL 1117180, at *10 (S.D.N.Y. Mar. 13, 2024) (recognizing that "language is not an immutable characteristic" and that "Kurtanidze could have chosen to learn Japanese" and rejecting discrimination claim premised on coworkers' use of another language); *cf. Mumid v. Abraham*

6

*Lincoln High Sch.*, 618 F.3d 789, 795 (8th Cir. 2010) (recognizing "language and national origin are not interchangeable"). Thus, these allegations are also insufficient to plausibly allege a national origin discrimination claim.

In sum, Plaintiff's allegations are insufficient to move his claim of national origin discrimination across the line from possible to plausible. This is so because none of the facts alleged create a *"reasonable inference* that the decisionmakers were motived by [national origin] bias" with respect to any decision effecting the terms and conditions of Plaintiff's employment. *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 586 (4th Cir. 2015). Accordingly, the Motion will be granted in this regard.[3]

### B. Retaliation

Defendant next seeks to dismiss Count II, which alleges retaliation under Title VII. Plaintiff's Complaint alleges two protected activities: (i) complaints regarding discrimination and the denial of his approved religious accommodations; and (ii) complaints regarding missing money at the store. Dkt. 1 ¶¶ 45-46. Only the first set of complaints is a protected activity under Title VII, as Title VII protects employees who make "complaints of discrimination based upon 'race, color, religion, sex, or national origin." *Landino v. Sapp*, 520 F. App'x 195, 198 (4th Cir. 2013). Plaintiff's complaints regarding fraud or waste do not fall into this category and are thus not protected under Title VII. *See, e.g., Harris v. Root*, 2010 WL 2465343, at *8 (M.D.N.C. June 11,

---

[3] To the extent Plaintiff attempts to link his claims of theft and accounting discrepancies to his national origin claim, such argument is unsupported. Dkt. 13 at 4. Plaintiff argues that "other individuals named were not of the same national origin or religion yet were not reprimanded, disciplined, or corrected." *Id.* But this argument does not track the allegations in Plaintiff's Complaint, because Plaintiff has alleged only that he made complaints regarding potential cash shortages (not any other person) and because Plaintiff has alleged that Vaca was disciplined following his allegations. Dkt. 1 ¶¶ 30, 33. Accordingly, these allegations do not support any inference of national origin discrimination.

7

2010) (holding that "complaints about other trainees disrupting class" were "not protected behavior for the purpose of a retaliation claim under Title VII").

Plaintiff, apparently recognizing this, focuses his Opposition on only his complaints regarding his religious accommodations and arguing that he was terminated for making such complaints. Dkt. 13 at 4. In this regard, Plaintiff has failed to plead sufficient factual allegations to render his retaliation claim plausible. Plaintiff alleges that he complained to his supervisors regarding his religious accommodations but fails to include any factual allegations regarding the content of such complaints or when such complaints were made. Absent such allegations, this Court cannot determine that Plaintiff's termination in September 2023 was retaliation for any Title VII protected activity. In the Fourth Circuit, a time period of more than two months is generally sufficient to break any inference of causation. *See King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (recognizing that ordinarily a period of more than two months "is sufficiently long so as to weaken significantly the inference of causation between the two events"). In short, Plaintiff's conclusory allegations of retaliation fail to state a claim and will be dismissed. *See Dawson v. United States*, 549 F. Supp. 2d 736, 758 (D.S.C. 2008) (holding that retaliation claim fails where plaintiff "has not identified when she made complaints, to whom she made complaints, or which acts she claims are retaliatory").

### C. Wrongful Termination

The parties appear to agree that Count III should be dismissed, with leave to amend, because the Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code §§ 2.2-3009-3014, provides the exclusive cause of action for the conduct alleged here. Dkt. 10 at 8 (arguing Plaintiff cannot state a claim for wrongful termination where the "Virginia Whistleblower Protection Law" provides an exclusive remedy); Dkt. 13 at 4 (seeking leave to amend Count III

under the "Virginia Whistleblower Protection Law"). Accordingly, Count III will be dismissed with leave to amend.

To the extent Plaintiff argues that he could still maintain a wrongful discharge claim on the ground that Defendant was requiring him to engage in a criminal act, Plaintiff is incorrect. Dkt. 13 at 5. Plaintiff's allegations are that Plaintiff reported fraud or waste and that his managers retaliated against him. Dkt. 1 at 9. Plaintiff has not alleged any facts establishing that he was required to engage in a criminal act. And, to the extent that Plaintiff argues that lack of action by management was an attempt to render Plaintiff complicit, such allegations fail. *See McFarland v. Va. Ret. Servs. Of Chesterfield, L.L.C.*, 477 F. Supp. 2d 727, 736 n.4 (E.D. Va. 2007) (acknowledging that employee "was not asked to break the law" where employee was not deterred from reporting illegal conduct or participating in illegal investigations).

## IV. CONCLUSION

In sum, Plaintiff has failed state a claim of national origin discrimination or retaliation and Plaintiff agrees that Count III should be dismissed with leave to amend. Additionally, because Defendant has not addressed futility of amendment and because Plaintiff has explicitly asserted that he can "allege additional facts as necessary in amendment," the Court cannot, at this stage, say that it would be futile. Thus, the Court will provide Plaintiff with the opportunity to amend his Complaint. Plaintiff is warned, however, that further requests for amendment will not be granted lightly or, perhaps, at all.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Partial Motion to Dismiss (Dkt. 9) is GRANTED; and it is

FURTHER ORDERED that Count I to the extent it asserts a national origin claim, Count II, and Count III are DISMISSED without prejudice; and it is

FURTHER ORDERED that Plaintiff may file any Amended Complaint within FOURTEEN (14) DAYS of the entry of this Memorandum Opinion and Order. If Plaintiff fails to file an Amended Complaint by that date, the Court will assume that Plaintiff is foregoing his national origin, retaliation, and whistleblower claims and will issue a scheduling order.

It is SO ORDERED.

Alexandria, Virginia
September 24, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge